UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN G. REDUS,<br><br>        Petitioner,<br><br>    v.<br><br>DOLLY MATTEUCCI,<br><br>        Respondent. | Case No. 17-cv-06385-JD<br><br>**ORDER DISMISSING PETITION** |

Dorian Redus, a patient at Napa State Hospital, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His original petition was dismissed with leave to amend and he has filed an amended petition.

## DISCUSSION

### STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility

of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

In 1974 or 1975 petitioner was found not guilty of murder by reason of insanity and committed to a state hospital. His original petition in this case was dismissed with leave to amend because petitioner had failed to identify a right under the Constitution or laws of the United States that had been violated and he had not presented any facts in support. The amended petition fails to cure the deficiencies of the original petition. Petitioner describes the circumstances of his commitment crime and the conditions in the state hospitals, but he has failed to present any federal claims for habeas relief. If petitioner wishes to challenge the conditions of his confinement, he must file a civil rights complaint. Because he has already been provided leave to amend and has again failed to set forth any cognizable habeas claims, the petition is dismissed without leave to amend.

**CONCLUSION**

The petition is **DISMISSED**. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk will close the file.

**IT IS SO ORDERED.**

Dated: July 9, 2018

JAMES DONATO
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN G. REDUS,<br>　　　　Plaintiff,<br>　　v.<br>DOLLY MATTEUCCI,<br>　　　　Defendant. | Case No. 17-cv-06385-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 9, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dorian G. Redus ID: 2082352
Napa State Hospital
2100 Napa Valley Hwy.
Napa, CA 94558

Dated: July 9, 2018

　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　By: *Lisa R. Clark*          .
　　　　　　　　　　　　　　　　　　LISA R. CLARK, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　Honorable JAMES DONATO